**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-19-383-D-2 |
| | ) | |
| JIMMY ALAN HERZFELD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The Court is in receipt of a letter from Defendant Jimmy Alan Herzfeld, which the Court construes as a motion for early termination of Defendant's supervised release [Doc. No. 90]. The government has filed a Response in Opposition [Doc. No. 92].

On May 5, 2021, Defendant pled guilty to one count of drug conspiracy, in violation of 21 U.S.C. § 841(a)(1). [Doc. Nos. 53, 55]. On July 22, 2022, Defendant was sentenced to 48 months of probation, which was a downward variance from the advisory Guidelines-range sentence of 78 to 97 months of incarceration. [Doc. Nos. 72, 73].

On March 9, 2023, Defendant's probation officer petitioned the Court to revoke Defendant's term of probation because Defendant had possessed firearms and ammunition and fired multiple firearms in October 2022, which violated Defendant's conditions of supervision. [Doc. No. 75]. The Court revoked Defendant's probationary sentence, and the Court sentenced Defendant to five months of incarceration, to be followed by three years of supervised release. [Doc. No. 86].

1

Defendant's three-year term of supervised release is set to expire on September 5, 2026. In the present motion, Defendant states that he has fully complied with all conditions of his supervision, that he has maintained steady employment, and that he has demonstrated rehabilitation such that continued supervision is no longer necessary to ensure lawful conduct. [Doc. No. 90, at 1]. Defendant adds that "[e]arly termination would allow me to continue advancing in my career, pursue additional opportunities that require flexibility, and further support my family without the limitations of supervision." *Id.*

The government opposes Defendant's request. [Doc. No. 92]. Although the government commends Defendant's behavior while on supervised release, the government notes the serious nature of the underlying drug conspiracy offense. With respect to Defendant's initial term of probation that was previously revoked, the government adds that Defendant did not just violate his terms of probation, but he committed a new crime by possessing firearms as a felon after the Court had downwardly varied to a probationary sentence. Finally, the government asserts that Defendant is currently on a relatively light monitoring schedule and is only required to submit a quarterly drug test, which the government contends has not prevented him from achieving either personal or professional success while on supervised release.

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervision if, after considering certain § 3553 factors, the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Upon consideration of Defendant's motion in light of the information provided by the government, the Court finds that early termination of Defendant's term of supervised release is not warranted at this time. The Court commends Defendant for complying with the conditions of his supervised release and making significant progress toward rehabilitation. However, in light of all the circumstances in this case, the Court declines to terminate Defendant's term of supervision prematurely. Rather, the Court is confident that Defendant can continue to succeed in his career and personal life while finishing out the last few months of his term of supervised release.

**IT IS THEREFORE ORDERED** that Defendant's motion for early termination of supervised release [Doc. No. 90] is **DENIED**.

**IT IS SO ORDERED** this 15th day of June, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE